## HENRY DELANEY v. JOHN LEE.

**Evidence—Competency—Objections to Opinion of Witness.**

A question to a witness whether in his "opinion from his occupation as a farmer, habits of observing stock, and opportunity as a neighbor of the appellant, if the mule in controversy had been at the farm and in possession of appellant as early as October or November, 1862, he would not have known it, before August, 1863, the first time he saw it" is held not to be incompetent and illegal, the particular mode of interrogation not being erroneous. To have changed the form would have but resulted in producing the same reply, and it would be hypertechnical to reverse on such objections.

**Appeal and Error—New Trial—Requirements in Motion for.**

The provisions in Sec. 372 Civ. Code, as to applications for a new trial by motion etc., requires, all errors, which the party complaining, deems to have been committed prejudicial to him in the progress of the trial, must be presented in writing as grounds for a new trial, in order to direct the attention of the Appellate Court to the alleged errors, for correction. The mere objecion to the introduction of testimony during the trial, is not sufficient.

APPEAL FROM UNION CIRCUIT COURT.

May 23, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence is conflicting and if it can be said to preponderate in favor of appellant, the preponderance is not so great certainly as to authorize this court to interfere, and award a new trial on that ground after a motion therefor had been overruled by the circuit court.

Nor can we decide that the judgment was against the law; only one instruction was given to the jury, which was acquiesced in by both parties, as no exception was taken to it, and it properly presented the legal proposition involved in the issue.

But it is insisted that the court below erred to the prejudice of appellant in admitting incompetent and illegal evidence to go to the jury, notwithstanding his objections. The evidence complained of is an affirmative answer to a question propounded to the witness Gilchrist by appellee, in substance as follows: Whether

in his opinion from his occupation as a farmer, habits of observing stock, and opportunity as a neighbor of appellant, if the mule in controversy had been at the farm and in possession of appellant as early as October, or November, 1862, he would not have known it, before August, 1863, the time he first saw it.

The objection is rather to the mode of interrogation, than to the answer; if the witness had been asked directly whether he would not have known the fact, if the mule had been in possession of appellant as early as October, or November, 1862, from the opportunities he had of being informed on the subject, etc. Omitting the words in the question ("In your opinion") and the witness had answered *Yes in* my opinion I would, or I believe I would, in that presentation of the question, and answer there is no doubt that the question would have been unobjectionable, and the evidence competent; and this is the substance and effect of the evidence scrutinized, and understood, and it would be hypertechnical to reverse a judgment on such grounds.

But furthermore, section *372 Civ. C.* provides that the application for a new trial must be made by motion upon written grounds, filed at the time of making the motion, &c.

This *section as* we understand it, requires all the errors which the party complaining deems to have been committed prejudicial to him in the progress of the trial, must be presented in writing as grounds for a new trial, in order to direct the attention of the court to the alleged errors, so as to have them corrected there, if the court should become convinced upon further reflection that errors had been committed, from which it would seem that unless the alleged errors were thus presented as ground for a new trial, they should be regarded as waived. But whether that be the proper interpretation of the section of the Code referred to we need not here decide, since there seems to be no error in the ruling of the court complained of. Wherefore, the judgment is affirmed.

*Hughes, for appellant.*

*Rodman, Geiger, for appellee.*